UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CENTEX HOMES,

        Plaintiff,

vs.

EVEREST NATIONAL INSURANCE COMPANY, *et al.*,

        Defendants.

Case No.: 2:16-cv-01275-GMN-CWH

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 19), filed by Defendant Lexington Insurance Company ("Defendant"). Plaintiff Centex Homes ("Plaintiff") filed a Response, (ECF No. 28), and Defendant filed a Reply, (ECF No. 34).[1] For the following reasons, the Motion to Dismiss is **DENIED in part and GRANTED in part**.

I. **BACKGROUND**

The instant dispute arises out of a state court action involving property damage from subcontractors that worked for Plaintiff to build a housing development ("the development"). On February 15, 2013, homeowners in the development filed an amended complaint in state court against Plaintiff alleging that Plaintiff is liable for defective and negligent engineering and construction on homes in the development. (*See* Compl. ¶ 43, ECF No. 1); *See Pensi Callaway, et al. v. Centex Homes*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-13-674439-D ("*Callaway* action"). Plaintiff alleges that the *Callaway* action seeks damages arising out of the work or ongoing operations of various subcontractors that were

---

[1] Also pending before the Court is Plaintiff's Motion for Leave to File Supplemental Points and Authorities, (ECF No. 50), to which Defendant filed a Response, (ECF No. 51), and Plaintiff filed a Reply, (ECF No. 52). For good cause appearing, Plaintiff's Motion for Leave to File Supplemental Points and Authorities is **GRANTED**.

insured through Defendant. (*Id.* ¶ 44). As a result of the *Callaway* action, Plaintiff claims that it has incurred significant costs. (*Id.* ¶ 45).

Defendant issued insurance policies to the subcontractors Desert Plastering, LLC, and L&S Air Conditioning, Inc. (collectively the "subcontractors") that worked on the development. (*Id.* ¶¶ 31–35). Defendant's polices were endorsed to cover Plaintiff as an "additional insured" with respect to liability arising out of the subcontractor's respective work. (*Id.* ¶ 36). Plaintiff alleges that the policies required Defendant to defend Plaintiff against all claims that create potential liability for covered property damage or bodily injury. (*Id.* ¶ 37). On September, 11, 2012, Plaintiff tendered the defense and indemnity of the *Callaway* action to Defendant under the policies that were issued to the subcontractors. (*Id.* ¶ 56). Plaintiff claims that on December 12, 2012, and February 8, 2013, Defendant improperly breached its duty to defend Plaintiff in the *Callaway* action under the insurance policies issued to the subcontractors. (*Id.* ¶¶ 57–60). Specifically, Plaintiff alleges that it was forced to spend significant time and money defending itself against the *Callaway* action because Defendant failed to meet its duty pursuant to the policies. (*Id.* ¶ 61).

Based on these allegations, Plaintiff asserts the following causes of action against Defendant: (1) breach of contract; (2) breach of the implied duty of good faith and fair dealing; (3) violations of Nevada's Unfair Claims Settlement Practices Action under NRS § 686A.310; and (4) declaratory relief. (*Id.* ¶¶ 67–88). In the instant motion, Defendant requests that the Court dismiss all of Plaintiff's claims, as well as Plaintiff's prayer for attorney's fees and punitive damages. (Mot. to Dismiss 2:3–7, ECF No. 19).

II.     **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on

which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

####   A.  Breach of Contract

In Nevada, to succeed on a claim for breach of contract a plaintiff must show: (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *see also Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987); *see also Brochu v. Foote Enterprises, Inc.*, No. 55963, 2012 WL 5991571 at *5 (Nev. 2012) ("To prove a breach of contract, the

plaintiff must show an existing valid agreement with the defendant, the defendant's material breach, and damages.").

Under Nevada law, "an insurer bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004). "If there is any doubt about whether the duty to defend arises, this doubt must be resolved in favor of the insured." *Id.* Additionally, "[w]hile clauses providing coverage are interpreted broadly so as to afford the greatest possible coverage to the insured, clauses excluding coverage are interpreted narrowly against the insurer." *Nat'l Union Fire Ins. Co. of State of Pa. v. Reno's Exec. Air, Inc.*, 682 P.2d 1380, 1383 (Nev. 1984).

Plaintiff's first cause of action alleges that it is covered under Defendant's insurance policies as "additional insureds," and that Plaintiff "performed all obligations owing under each of the policies in connection with its tender of defense, and [Plaintiff] has satisfied all relevant conditions precedent." (Compl. ¶¶ 31–37, 68, ECF No. 1).

Defendant claims that Plaintiff "alleged only conclusions in support of its breach of contract claim." (Mot. to Dismiss 12:20). Moreover, Defendant avers that the insurance policies' language demonstrates that Plaintiff's breach of contract claim fails. (*See id.* 13:6). Specifically, the parties dispute whether or not the *Callaway* action involves construction defects from *ongoing operations* or *completed work* because the policies only cover *ongoing* construction. (*See id.* 14:15–23); (*see also* Resp. 6:4–9, ECF No. 28); (*see also* Ex. 1 to App. to Mot. to Dismiss at 6, ECF No. 20-1) (emphasis added).

Neither party disputes the existence of a valid contract. Because a valid contract exists and Plaintiff alleges that the contract was breached, Plaintiff has met the first and second requirements for a breach of contract claim. Additionally, Plaintiff claims that Defendant "failed to discharge [its] contractual duties to defend [Plaintiff] against the *Callaway* action.

More particularly, Defendant[ ]: (1) breached [its] contracts by failing to promptly respond to [Plaintiff's] tenders; and (2) breached [its] contracts by refusing to defend [Plaintiff]." (Compl. ¶ 69, ECF No. 1). Based on this allegation, Plaintiff sufficiently alleges the third requirement for breach of contract. Lastly, Plaintiff contends that "[a]s a direct and proximate result of Defendant['s] conduct as alleged in [the] Complaint, [Plaintiff] has been damaged in an amount to be proven at trial." (*Id*. ¶ 70). Accordingly, Plaintiff meets the fourth requirement in alleging damages and therefore has sufficiently pled the elements for a breach of contract claim.

As to the alleged ongoing defects, Plaintiff asserts that "the *Callaway* complaint alleges both kinds of property damage—i.e., property damage that may have occurred while operations were ongoing as well as property damage that may have begun after operations were completed." (Resp. 6:24–26).[2] Because Plaintiff sufficiently alleges that the *Callaway* action involves ongoing operations covered by the policies, the Court denies Defendant's Motion to Dismiss the breach of contract claim.

## B. Breach of the Implied Covenant of Good Faith and Fair Dealing

Nevada has "adopt[ed] the rule that allows recovery of consequential damages where there has been a showing of bad faith by the insurer." *U.S. Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). "Where an insurer fails to deal fairly and in good faith with its insured by refusing without proper cause to compensate its insured for a loss covered by the policy[,] such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing." *Id*. "The duty violated arises not from the terms of the insurance contract but is a duty imposed by law, the violation of which is a tort." *Id*. "To

---

2 Plaintiff contends that the California Court of Appeals "considered and rejected the very argument that is the crux of [Defendant's] motion: That construction defect claims are inherently 'completed operations' claims." (Reply 1:25–27, ECF No. 50). The Court notes, however, that the Nevada Supreme Court has not addressed the issue of Nevada State Law raised in the California Court of Appeals case provided by Plaintiff. (*See* Ex. 1 to Mot. for Leave to File Suppl. P. & A., ECF No. 50-1); (*see also* Resp. 1:27–28, ECF No. 51). Moreover, at this point in the proceedings, Plaintiff sufficiently alleges that the *Callaway* action involves ongoing operations covered by Defendant's policies.

establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 603 (Nev. 1998), *opinion modified on denial of reh'g*, 979 P.2d 1286 (Nev. 1999).

Plaintiff's second cause of action alleges that Defendant owes Plaintiff "a duty of good faith and fair dealing, obligating Defendant[ ] to put [Plaintiff's] interests equal with or ahead of [its] own interests and to do nothing to deprive [Plaintiff] of policy benefits." (Compl. ¶ 72). Plaintiff's Complaint asserts that Defendant has "deprived [Plaintiff] of its rights and benefits under [its] policies." (*Id.* ¶ 75). Moreover, Plaintiff claims that as a result of this deprivation, Defendant failed to "discharge contractual duties without reasonable grounds for good cause" instead of honoring its obligations under the policies. (*Id.* ¶ 73).

Defendant argues that Plaintiff's "allegations fall short of plausibly stating a claim for bad faith, given they are completely devoid of a single fact which would suggest any knowing or unreasonable denial of benefits by" Defendant. (Mot. to Dismiss 23:21–23). However, Plaintiff explains that Defendant did not deal fairly with Plaintiff because it failed "to respond to [Plaintiff's] tenders in a timely fashion, or at all" and delayed coverage decisions. (Compl. ¶ 75). Because Plaintiff alleges that Defendant failed to meet its duty by refusing without proper cause to compensate Plaintiff for the loss allegedly covered by the policies, Plaintiff has sufficiently pled its breach of the implied covenant of good faith and fair dealing claim.

Moreover, Plaintiff contends that Defendant's deprivation of benefits is intentional in order to enhance Defendant's own profits despite Defendant's alleged knowledge that "this behavior violates the rights of" Plaintiff. (*Id.*). Plaintiff alleges that "Defendant[ ] acted in a deliberate and concerted fashion to achieve this self-serving economic objective" and, as such, "recklessly disregards [Plaintiff's] economic and property rights." (*Id.*). Essentially, Plaintiff

alleges that Defendant recklessly disregarded the fact that there was no reasonable basis for disputing coverage. This further bolsters Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. As such, the Court denies the Motion to Dismiss Plaintiff's second cause of action.

### C. Violations of Nevada's Unfair Claims Settlement Practices Action

Plaintiff's third cause of action alleges violations under the Unfair Claims Practices Action ("UCPA") under Nevada Revised Statute ("NRS") § 686A.310(1)(b)–(f). (Compl. ¶¶ 80–83). NRS § 686A.310 specifies certain unfair practices by insurance companies and provides a cause of action for an insured to enforce these provisions against an insurer. *See* NRS § 686A.310; *Hart v. Prudential*, 848 F. Supp. 900, 903 (D. Nev. 1994). "Unlike a cause of action for bad faith, the provisions of NRS § 686A.310 address the manner in which an insurer handles an insured's claim whether or not the claim is denied." *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010).

Plaintiff alleges that Defendant engaged in the following unfair practices under NRS § 686A.310: (1) Defendant failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; (2) Defendant failed to implement reasonable standards for the prompt investigation and processing of claims under insurance policies; (3) Defendant failed to affirm or deny coverage of claims within a reasonable time after proof of loss requirements were completed and submitted by the insured; (4) Defendant failed to effectuate prompt, fair, and equitable settlements of claims in which liability of the insurer has become reasonably clear; and (5) Defendant compelled insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered. (Compl. ¶ 81); *see* NRS § 686A.310(1)(b)–(f).

Defendant argues that Plaintiff's "unfair claim practices claim fails because [Plaintiff] has not alleged facts supporting the claim, but merely that it suffered damages as a result of all [D]efendants' violations of 'one or more'" of NRS § 686A.310(1) subsections (b) through (f). (Mot. to Dismiss 24:7–9). Moreover, Defendant contends that Plaintiff "does not allege any facts as to how [Defendant] violated the Act beyond parroting the statutory language." (*See id.* 24:20–22).

First, Plaintiff claims that "Defendant[ ] delayed responding to [Plaintiff's] tenders and ignored [Plaintiff's] numerous requests." (Compl. ¶ 79). Plaintiff explains that it tendered the defense of the *Callaway* action on September 11, 2012, for two separate policies, and it was not until December 12, 2012, and February 8, 2013, that Defendant denied the individual requests under each subcontractor's policy. (Compl. ¶¶ 56–59). Under Nevada's Administrative Code, "[e]very insurer shall acknowledge the receipt of a claim notice within 20 working days after receipt of the claim notice unless payment of the claim is made within that time." Nev. Admin. Code ("NAC") § 686A.665. Moreover, an insurer should make a decision of the acceptance or denial within thirty days, or notify the insured that more time is required. NAC § 686A.675. Because Defendant did not respond within the twenty-day window or deny within the thirty-day window, Plaintiff has provided sufficient factual allegations regarding Defendant's failure to "act reasonably promptly upon communications with respect to claims." NRS § 686A.310(1)(b).

Second, Plaintiff alleges that "Defendant[ ] delayed rendering coverage decisions in conscious disregard of the risk that these delays would jeopardize [Plaintiff's] ability to adequately defend itself against the *Callaway* action, and would jeopardize [Plaintiff's] ability to settle those matters." (Compl. ¶ 75). This allegation successfully pleads that Defendant failed "to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies." NRS § 686A.310(1)(c). Plaintiff has

alleged unreasonable standards for prompt investigation based on Defendant's delay in rendering a decision. Moreover, these allegations also support a claim that Defendant failed to "affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured." NRS § 686A.310(1)(d). As such, Plaintiff has sufficiently pled its first three allegations under the UCPA.

Turning to the fourth allegation, Plaintiff avers that Defendant is "fully aware of [its] duty to defend additional insureds, like [Plaintiff], against claims alleging potential liability arising out of the work of their named insureds[,]" and by neglecting its duty, Defendant jeopardized Plaintiff's ability to settle matters in the *Callaway* action. (Compl. ¶¶ 75–79). Therefore, Plaintiff has adequately pled that Defendant failed "to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." NRS § 686A.310(1)(e).

Lastly, Plaintiff contends that because Defendant refused to assist in its defense, Plaintiff was compelled to litigate the matter. (Compl. ¶ 79). However, this allegation is insufficient to plead a claim under NRS § 686A.310(1)(f). Plaintiff has failed to provide factual allegations beyond a conclusory assertion that it was compelled "to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered." NRS § 686A.310(1)(f). Accordingly, Plaintiff's last allegation under the UCPA fails.

For these reasons, the Motion to Dismiss Plaintiff's alleged violations under the UCPA for NRS § 686A.310(1)(b)–(e) is denied. However, the Court grants the Motion to Dismiss Plaintiff's claim under NRS § 686A.310(1)(f) for Plaintiff's fifth allegation.

**D. Declaratory Relief**

Indeed, declaratory relief is not a cause of action, but a remedy that may be afforded to a party after it has sufficiently established and proven its claims. *See Sands v. Wynn Las Vegas, LLC*, No. 210-CV-00297-RLH-PAL, 2010 WL 2348633 (D. Nev. June 9, 2010); *see also Freeto v. Litton Loan Serviving LP*, No. 3:09-CV-00754-LRH, 2011 WL 112183, at *3 (D. Nev. Jan. 12, 2011).

Even though declaratory relief is a remedy, the Court denies Defendant's Motion to Dismiss because Plaintiff's claims are still before the Court. *See Sands v. Wynn Las Vegas, LLC*, No. 210-CV-00297-RLH-PAL, 2010 WL 2348633, (D. Nev. June 9, 2010) (finding "the Court is not required to dismiss" a claim for declaratory relief "under the law cited by Wynn or any other law of which the Court is aware."). Thus, if Plaintiff succeeds on these claims it may very well be entitled to the declaratory relief it seeks. Given this fact, the Court sees no reason to dismiss Plaintiff's claims for declaratory relief. Accordingly, the Court will interpret Plaintiff's claim for declaratory relief as a request for a remedy rather than a separate cause of action, and Defendant's Motion to Dismiss this claim is denied on this basis.

**E. Prayer for Attorney's Fees and Punitive Damages**

In the instant Motion, Defendant also seeks to strike or dismiss Plaintiff's prayer for attorney's fees and punitive damages. (Mot. to Dismiss 27:16–18, ECF No. 19). Federal Rule of Civil Procedure 12(f) provides that the Court may strike "any redundant, immaterial, impertinent, or scandalous matter." Additionally, a motion to strike properly may be directed at damages which are not recoverable as a matter of law, as such allegations would be immaterial to the action. S*ee Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP.*, No. 3:09-CV-00422-PMP, 2010 WL 4339368, at *12 (D. Nev. Oct. 15, 2010). However, when the defendant challenges the sufficiency of the factual allegations supporting damages, the motion should be made pursuant to Federal Rule of Civil Procedure 12(b)(6), rather than Rule

12(f). *Paul v. Gomez*, 190 F.R.D. 402, 404 (W.D.Va.2000); *see Flynn*, No. 3:09-CV-00422-PMP, 2010 WL 4339368 (D. Nev. Oct. 15, 2010). The Court will first address the argument for attorney's fees and then address the argument for punitive damages.

### a. Attorney's Fees

Under the American Rule, litigants generally must pay their own attorney's fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *see also MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). Nonetheless, the decision to award attorney's fees is left to the sound discretion of the district court. *See Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994); *see also Jiangmen Kinwai Furniture Decoration Co. Ltd v. Int'l Mkt. Centers, Inc.*, No. 215-CV-1419J-CM-PAL, 2016 WL 6637699 (D. Nev. Nov. 8, 2016). Moreover, contrary to the American Rule, under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc.*, 879 P.2d at 73; NRS § 18.010.

Here, Plaintiff seeks attorney's fees for all four causes of action. The Court finds that it is too early in the litigation to determine whether or not Plaintiff would be entitled to attorney's fees in this action. *See Weisshaar v. Sierra Pac. Power Co.*, No. 3:11-CV-0360-LRH-WGC, 2011 WL 6400281, at 1 (D. Nev. Dec. 20, 2011) (denying a motion to strike attorney's fees after denying a motion to dismiss and reviewing the pleadings because it was too early in the litigation process to determine if attorney's fees were appropriate). Therefore, the Court shall also deny the motion to dismiss attorney's fees.

### b. Punitive Damages

In Nevada, punitive damages may only be awarded "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." NRS § 42.005(1). "'Oppression' means despicable conduct that subjects a person

to cruel and unjust hardship with conscious disregard of the rights of the person." NRS § 42.001(4). "'Fraud' means an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his or her rights or property or to otherwise injure another person." NRS § 42.001(2). "'Malice, express or implied' means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." NRS § 42.001(3). "'Conscious disregard' means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." NRS § 42.001(1). "[Conscious disregard] plainly requires evidence that a defendant acted with a culpable state of mind. . . . [A]t a minimum, [it] must exceed mere recklessness or gross negligence." *Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 255 (Nev. 2008).

Here, Plaintiff seeks punitive damages for the second and third causes of action. Moreover, both the second and third causes of action give rise to potential punitive damages. *See Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 863 F. Supp. 1237, 1246 (D. Nev. 1994) ("[A]n award of punitive damages is possible for a violation of NRS [§] 686A.310."); *see also Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 273 (Nev. 1996) (showing that bad faith claims may give rise to punitive damages).

Plaintiff's Complaint alleges that Defendant's conduct "is part of a pattern of unfair claims practices intentionally engaged in by Defendant[ ] to enhance unfairly their own profits by avoiding contractual obligations and ignoring the contractual rights and economic interests of [Plaintiff] and other additional insureds." (Compl. ¶ 76). The practices that Plaintiff specifically lists are: "(1) failing to respond promptly to tenders from additional insureds; (2) wrongfully denying additional insureds coverage owed under policies; and (3) refusing to supply a full defense to additional insureds as required by law and instead trying to limit coverage obligations to funding only a small fraction of the additional insured's defense." (*Id.*).

Further, Plaintiff claims that Defendant's "conduct as alleged in [the] Complaint is despicable and has been carried out in willful and conscious disregard of [Plaintiff's] rights and economic interests, and is malicious, fraudulent and oppressive." (Compl. ¶ 78). Plaintiff's statements sufficiently plead oppression based on the alleged unjust hardship placed on Plaintiff when Defendant did not assist in its defense. (Compl. ¶ 79). The Court finds that the Complaint provides sufficient factual basis to support a claim for punitive damages in relation to the surviving second and third causes of action. Therefore, Defendant's Motion to Dismiss Plaintiff's punitive damages is denied. For these reasons, the Court denies in part and grants in part Defendant's Motion to Dismiss.

### F. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to support its fifth allegation under the UCPA cause of action. Accordingly, the Court will grant Plaintiff leave to file an amended complaint only with amendment to this claim. Plaintiff shall file its amended complaint within fourteen days of the date of this Order.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 19), is **DENIED in part and GRANTED in part**. Plaintiff's cause of action under NRS § 686A.310(1)(f) is dismissed without prejudice and all other claims survive.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Supplemental Points and Authorities, (ECF No. 50), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file its amended complaint fourteen days following the issuance of this Order. Failure to file an amended complaint by this date shall result in the Court dismissing this portion of Plaintiff's UCPA claim.

**DATED** this 29 day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge